The next matter before us today is 24-7082 United States v. Kimble. If it please the court and counsel, my name is Tim Kingston. I'm here on behalf of Mr. Darren Kimble in this appeal. Your honors, the appellant is making a very modest argument in this case. We're not challenging the conviction of Mr. Kimble. He pled guilty to the charge against him. And the only argument that we're making is that the district court, when it sentenced Mr. Kimble, incorrectly applied a four-level enhancement instead of a three-level enhancement. Don't we have a preliminary issue of whether the appellate waiver in the plea agreement should be enforced? And whether a lack of transcript from that plea hearing means that we can't enforce it. Yes, your honor. It's a belated argument, I would say, on behalf, by the government in this case. But it is a threshold issue, I would agree with the court. Well, it's before us, isn't it? Yes, it certainly is. I'm not saying it's not before the court. Here, as you just noted, your honor, there is no transcript. For whatever reason, of the change of plea hearing between the appellant and his counsel and the government. And so there's no way for this court to determine several different things. First of all, and primarily whether Mr. Kimble's entering into the plea agreement that contained a waiver of his right to appeal was knowing and voluntary. Under the standard, as the court knows, under the rules, the government has the opportunity to move to dismiss a case, to enforce the appeal waiver, but the rules require that a transcript be provided. This is when they make such a motion or such a, when they do such a thing prior to merits briefing in the case. Well, but we can look at the appellate waiver itself to determine whether it was knowing and voluntary, can't we? You can, but I would argue, your honor, that in this case, yes, I agree and have taken a position in our briefs that the waiver is within the scope of what we're dealing with here today. The two arguments that I'm making are we don't know whether the waiver was given knowingly and voluntarily by Mr. Kimble, and we also make the argument, or I make the argument on his behalf, that there would be a miscarriage of justice in this case if the court were to enforce the appeal waiver. But are you challenging whether the waiver was knowing and voluntary? Because I read your reply to say, well, it says, there's no way for this court to determine if he voluntarily and knowingly waived his appellate rights. But are you affirmatively asserting that he did not knowingly and voluntarily waive those rights? That is a fine point, your honor, and I recognize that's a difficult issue or argument for specifically to make in this case. It didn't come up in the lower court, and we don't know that it came up in the lower court because of the lack of the transcript. I would at least argue that we don't know whether it was a voluntary relinquishment of his right to appeal his sentence in this case. So we do challenge, and I will take the position on behalf of the appellant, that we do challenge whether it was knowing and voluntary. But we certainly don't know. Well, that's the first time I've seen that. It's not in your briefs. There's no challenge. There's a challenge to our ability to review whether it was knowing and voluntary, but I looked pretty carefully, and I don't see anywhere in your briefing to us where you have claimed it was actually not knowing and not voluntary. Well, it's an ironic point, your honor, because in the circumstances with a lack of a transcript of the plea agreement and, you know, I'm constrained by the record on appeal, I cannot point to something in the record that says, you know, Mr. Kimball said or his attorney said it wasn't knowing and voluntary. Well, there's a procedure under the federal rules to deal with the lack of a transcript, isn't there? It's Federal Rule of Appellate Procedure 10C, where you can reconstruct the record if you want. That's correct. You didn't avail yourself of that. Well, the following point I'm going to make is not in the record per se. I did contact Linda Epperle, who is the main appellate counsel for the Eastern District of Oklahoma on exactly that point. I had spoken to the attorney for Mr. Kimball in the district court, and he could not provide me any information with regard to that. I asked Ms. Epperle to look into the issue as well, and she said that she had nothing in front of her, no notes, no materials from people in her office that would address that particular issue. Well, don't we have case law that says that in the absence of the record, we presume the regularity of the proceedings below? I will confess I'm not familiar with that. But that still doesn't get to the issue. We know in this case that at the sentencing hearing, the judge and counsel rightly points this out, that there was some reference to the appellate waiver, but it only goes to show whether he knew, Your Honor, that there was an appellate waiver in the case, but it says nothing about the voluntariness of his entering into that waiver. But don't you have the burden of proof in this posture to demonstrate that the defendant did not knowingly, voluntarily enter into this appellate waiver? Yes, under the normal circumstances, but that presupposes that there's a record on which— Well, I guess I'm suggesting I'm not sure it does presuppose that. So maybe I'll ask it rather than state it. Who has the burden of proof to show that the appellate waiver was knowing involuntarily entered into by Mr. Kimball in this posture? I would say it's the—I would say it's the appellant's duty to show. But in this—I know I'm repeating myself and I apologize, Your Honor. But when we don't have anything in the record that's sufficient to demonstrate that his waiver was knowing and voluntary, then this court, I believe, should pass over the issue of enforcing the appellate waiver and get to the merits in the case. If I may turn to those. I believe it's fairly straightforward, Your Honors. So then turning to the merits, it's whether there were stabbing motions, right? Correct. It really comes down to that, Your Honor. And the government makes a—I guess you can call it a threshold issue argument again, which is whether Mr. Kimball objected to the pre-sentence report and what it provided with regard to that specific issue. And the record is, you know, I wish it were a better one with regard to this. I don't think it's fatal to Mr. Kimball's argument or position with regard to this. But we know that the draft pre-sentence report took the position that Mr. Kimball takes today, that he only brandished the knife and did not, quote, otherwise use the knife. And so that was in the draft pre-sentence report. Mr. Kimball did not object to that because that was his position. The government then objects. And Mr. Kimball's attorney then filed a response to the government's objection. That was then heard. Then at that point in time, the final pre-sentence report came out. And in the final pre-sentence report, the probation officer adopted the government's position. Well, it cited statements from witnesses in there, right? That's correct. In the PSR? Yes. And those witnesses described stabbing motion. The witnesses described stabbing that. But at the sentencing hearing, the judge treated Mr. Kimball's position as an objection to the final pre-sentence report. It's our position, Your Honor, and I think it's clear that under Rule 32G, that if a defendant, as here, makes an objection to a pre-sentence report on the facts, which Mr. Kimball did, then there are several responsibilities that are then in place. One, it's then the government's burden to prove by the preponderance of the evidence that the enhancement on its facts ought to apply. And secondly, the judge has to make factual findings based on evidence presented to it by the government sufficient to show the government met its burden and that the enhancement ought to apply. Neither of those things happened in this case. The government, after Mr. Kimball's objection was on the record, the government presented two photographs to the district court. And those photographs are still photographs. They don't show stabbing motions. Obviously, they couldn't because they're still photographs. And that's all that the government presented. Now, the government, in its brief, tries to, well, claims, and I'm not suggesting bad intent, but claims that there was a video that was considered by the district court at its sentencing that would show stabbing motions. No such video was presented to the court. So the government didn't present any evidence at all to the sentencing court. Rather, all it did was rely on what it previously had argued, so to speak, with regard to its objection to the PSR. And at that point in time, the sentencing court cannot rely on what is set forth in the pre-sentence report. Rather, it has to consider competent evidence with regard to the particular issue. And this sentencing court did not have competent evidence presented to it with regard to that issue. Counsel, wasn't there testimony by an employee? Well, not testimony. Okay. Recounted testimony. Well, it was in the pre-sentence report. Okay. But again, Your Honor, once an objection is made, as here, to a pre-sentence report, then the court, the sentencing court can't simply say, okay, I believe that part of the pre-sentence report. Rather, the judge has to take evidence. The government has to prove by a preponderance of the evidence that that evidence shows, that there is evidence that shows, sorry, that meets its burden to show that the enhancement ought to apply. That didn't occur in this case. Rather, the government made an argument. The government pointed to the pre-sentence report, what it said, and sat down. And that was it. And that's not sufficient in order to, on which to base the enhancement in this particular case. And could you tell me why? Do you have authority for that point, that the district court could not rely on the pre-sentence report? I think there's a plethora. Well, Rule 32G requires the court to take, to factually determine whether what's, once an objection is made, whether and how it will apply what's in the pre-sentence report and the facts to the particular sentencing. So that's clear in the 32G. I also, I'm sorry, I don't have the cases off the top of my head, but I believe I cited them in the brief, that the court has an obligation to, and is required to make actual factual findings. If, as I said before, it's the government's burden of proof to show by the preponderance of the evidence that the enhancement ought to apply, that means the judge has to have considered confident evidence. And here, all it had was a pre-sentence report in front of it. And at the risk of repeating myself again, that's not sufficient, Your Honor. Thank you. And I guess I'll reserve my last little bit of time. Thank you, Your Honor. Thank you. No, you're fine.  May it please the court. My name is Luke Rizzo. I'm an AOC from the Eastern District of Oklahoma. The court should enforce a waiver of appellate rights in the plea agreement and dismiss the appeal. In the alternative, it should affirm the district court's application of the challenge sentencing enhancement. So as for the appellate waiver, in determining whether the waiver is enforceable, the court considers whether the appeal falls within the scope of the waiver, whether the defendant knowingly and voluntarily waived his appellate rights, and whether enforcing the waiver would result in a miscarriage of justice. And can we decide that without a transcript? Well, there's multiple yes, Your Honor. We can decide that without it. The court can decide that without a transcript. And the government points to the evidence or, you know, the evidence that the defendant knowingly and voluntarily waived his appellate rights. Part of that is the plea agreement document itself, the fact that the district court was advised about the waiver at sentencing and the defendant was present at that hearing. The defendant doesn't even really allege any error in the agreement whatsoever. Well, I guess not even now. And the terms of the plea agreement are clear. They were clear. They were unchallenged. I don't know if they are anymore, but the fact of the matter is, there's also the case of the United States v. Atterbury, which the government cites in its brief, but the government points to as a case where there also wasn't a plea agreement transcript. And the court found it wasn't an issue based on other forms of evidence and the fact that, again, you know, there's no real challenge here to the knowing and voluntariness of this waiver. There wasn't perhaps a reason. Well, there wasn't in the briefs, but we just heard one made. There was one right now. But, again, without elaborating on exactly, you know, what aspect of this was unknowing and involuntary, without that being explored and elaborated on, I don't know if the challenge has much merit. I mean, there's also the part of whether this is a miscarriage of justice. Again, like these things aren't argued. What we really get down to is, you know, at sentencing, the defendant got up and said, well, I didn't, you know, I didn't try to stab anyone. I just brandished the knife. I mean, that's what really took place here. And so what the court did is the court, you know, it looked at the evidence the government submitted, which were those photographs of, you know, the defendant with the knife in hand, but more importantly, the facts in the PSR. So the appellant is saying, well, those aren't really important or they shouldn't be considered, but the reality is the district court can rely on unchallenged facts in a PSR. Well, weren't they challenged? I mean, in the first version of the PSR, the defendant does not challenge, but then it was brandishing, not otherwise used, right? But then on the second version of the PSR, is there an objection that would have triggered Rule 32? So these particular – well, what happens is the government actually moves to have the PSR amended or to have the plus four enhancement because of that. Obviously the defendant does respond and challenge the enhancement, but the underlying facts themselves, the witness statements, those aren't directly challenged. I mean, what really occurs here is the defendant, he presents his version of events. The court hears them and it doesn't – like any evidence, it weighed the credibility and the PSR. So – Well, it didn't have an evidentiary hearing, right? It didn't bring in the people, the statements in the PSR that talk about him making stabbing motions. The court didn't directly hear from those witnesses. No, Your Honor. Okay. So if he challenged – if he adequately challenged under Rule 32, thereby triggering the court's obligation to make a finding by a preponderance of the evidence, did the court fulfill that obligation? Well, the government's arguing that it did, and the reasoning – That doesn't sound very forceful. No, Your Honor. So, again, and trying to answer your question, the defendant, he does make that – effectively he does make that challenge when he says, hey, I didn't try to stab anyone. That's – the government agrees with that. It's merely pointing to the fact that, you know, the judge, he relies on the facts in the PSR. He clearly finds them more credible because they're based on multiple witnesses. He finds them more credible than the defendant self-serving assertion that, no, I took out a knife, but I didn't try to stab anyone. I mean, that's the ultimate decision. Is that sufficient under Rule 32 to just say, I don't believe you, defendant, so I'm going to go with the PSR? I mean, is that enough to fulfill the obligation triggered by an objection under Rule 32? So, it's not like the government didn't – well, the government presented some evidence. Two pictures. Two pictures, yes, Your Honor. That's what the government submitted in – That is true. They're not motion pictures. They are not motion. They are not video. They're still photographs of the defendant with the TV and the knife. That's what the government presented to support its proposed enhancement. Clearly, the district court found that, and we're sitting here today, and the government is asking the question, or rather hoping that the fact – is this a clear error? The question is, is this a clear error? Did the court, the district court, make a clear error when it's finding the facts of the PSR to be the appropriate ones, the right ones, as opposed to the defendants? And, I mean, is there a – viewing the entire record, is it – So is it your position that the court relied on the still – the court's decision that it was proved by a preponderance is based just on the still photographs and that that meets the threshold of it not being clearly erroneous? Is that what you're arguing? So the evidence for that, for the government's proposal for the enhancement, is the photographs. But it's also the facts in the PSR. And the government understands the court's point in that the defendant effectively challenged those paragraphs within the PSR when he makes his – he provides his version of events. And, again, the court is just considering that, or rather the government is presenting that a clear error. It means the sentencing court's factual findings would not be plausible or permissible in light of the entire record. And that's what the government stands on today to support the enhancement. You know, it would have to be – again, it would have to be a clear error of fact. And in the PSR, there's multiple individuals. Granted, obviously it's not – Multiple individuals who you've conceded those statements were challenged, and you've conceded nothing was done. To investigate the credibility of those statements by having an evidentiary hearing. And so what I think you're telling me is that the photographs alone were enough for the district court to find by a preponderance the stabbing. The government's proposing that the photographs alone were enough to support paragraphs 6 and 7 of the PSR, which contain the statements of, I believe, it's one of the Walmart employees who says he saw the stabbing or stabbing motions and another individual who said the defendant tried to stab one of the Walmart employees. So, yes, Your Honor. I mean, there wasn't a full-blown evidentiary hearing. The sentencing hearing was pretty standard. I guess the only thing, again, the waiver of the appellate rights and the plea agreement should be enforced. That's the government's, you know, first position here. And alternatively, it would propose there's ample support for the factual findings on the record, and it would be unreasonable. Well, I guess the government's position is it's not impermissible, it's not implausible. The district court's determination of what the facts were, and for that reason, it's not a clear error. And beyond that... Well, failure to comply with Rule 32 is a due process problem, isn't it? I mean, you know, these are facts that are affecting what he's charged with, right? Well, I think the key term there is failure, and the government proposes that it wasn't a failure. It may not have been a presentation of all the evidence, of the best version of the evidence to support the enhancement, but it still was some evidence. You know, the photographs are some evidence. If they may not be fully convincing... I mean, the district court found that they were. The district court found that that was enough to support the stabbing objection, and that's, again, the government... It concedes to the court that it wasn't the best presentation of evidence, but I guess my final point here would be just to go back to the beginning, and it's the appellate waiver, which really effectively hasn't been challenged until probably right now, and that's where the government would make its firmest stand. And if there's no further questions, the government will give back its time. Thank you. Thank you, Your Honor. Just briefly, Your Honors, because I only have a minute or so, I would disagree with counsel for the government that it's only today that the appellant has raised the issue of the knowing and voluntariness of the appellant is entering into the appellant waiver. I would point the court to page 13 of the appellant's reply brief, and that would be the only time it would be raised anyway because the government hadn't previously moved to enforce the appeal waiver and only raised it in its response brief. As I said, if you look at page 13 of the appellant's reply brief, the issue is raised by the appellant, at least in terms of given the lack of a transcript, there's no way to know whether... Well, that's a different argument. It's the closest I can come to being straightforward with the court given the state of the record in this case. There's nothing else that I can do. The appellant could show the court at this point, and that is a crucial distinction that's made in the Atterbury or that I would say comes out of the Atterbury case, which is the Atterbury court said the appellant in that case didn't even raise the issue of whether the waiver was knowing and voluntary, and here we have. So I think that distinguishes the instant case from the Atterbury case. And finally, I would say, with regard to the credibility issue, with the lack of an evidentiary hearing, there's no way for that court to have made any kind of credibility determination based on whatever was set forth in the presentence report. With that, I ask the court to reverse the appellant's sentence and to remand the matter to the district court for further proceedings. Thank you, Your Honors. Thank you.